Stephen Montoya (#011791)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Hernandez,<br><br>        Plaintiff,<br><br>vs.<br><br>City of Phoenix, an Arizona municipal corporation,<br><br>        Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

For her Complaint against Defendant, Plaintiff alleges the following:

1. This is an action seeking to redress gender discrimination in the workplace brought by Ms. Michelle Hernandez against her former employer, the City of Phoenix, Arizona, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e (as amended).

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and 42 U.S.C. §2000e.

3. This Court has personal jurisdiction over the parties to this dispute because the discriminatory misconduct alleged in this Complaint transpired in Phoenix, Arizona.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3).

**The Parties:**

5. Michelle Hernandez is a citizen of the United States of America residing in Maricopa County, Arizona.

6. Ms. Hernandez is a woman.

7. The City of Phoenix is an Arizona municipal corporation located in Maricopa County, Arizona.

8. The City of Phoenix has been engaged in an industry affecting commerce and has had at least fifteen employees for each working day in at least twenty calendar weeks this year or last year at all times material to this Complaint and is thus subject to the requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

9. The Police Department of the City of Phoenix is a department within the City that is wholly owned and operated by the City.

10. Ms. Hernandez was employed as a police officer by the City of Phoenix Police Department at all times material to this Complaint.

**The City of Phoenix is intentionally discriminating against its women police officers.**

11. The Phoenix Police Department hired Ms. Hernandez as a prospective police officer on approximately January 3, 2006.

12. After successfully completing the Phoenix Police Academy, Ms. Hernandez became a sworn police officer for the Phoenix Police Department in July 2006.

13. Ms. Hernandez devoted the next seventeen years of her life to working for the Phoenix Police Department until she was forced to leave the Department for medical reasons unrelated to this Complaint in January 2023.

14. Notwithstanding Ms. Hernandez's exemplary service to the Department and the City, the City intentionally discriminated against her by imposing disparate terms and conditions of employment on her because she is a woman.

15. Specifically, during the course of her career as a police officer for the City of Phoenix, Ms. Hernandez became pregnant and gave birth to four children.

2

16. To protect her unborn children, Ms. Hernandez went on light duty at the Police Department during each of her four pregnancies.

17. As explained below, the City financially penalizes its woman police officers—including Michelle Hernandez—for having children while employed by the Police Department while its male police officers suffer no corresponding penalty.

18. At the City of Phoenix, male police officers can have children and enjoy all their regularly scheduled performance reviews and merit raises, while women police officers who give birth to children while serving the Police Department must suffer the adverse financial consequences of delayed performance reviews and merit raises.

**Phoenix Personnel Rule 15g2 has an intentional, disparate, detrimental impact on women police officers.**

19. City of Phoenix Personnel Rule 15g2 governs "light duty" assignments of City employees and provides that:

> Merit Pay Increase: Time taken on Industrial Leave or light duty assignment, not in excess of thirty working days, shall be allowed as creditable time in determining eligibility for a normal merit pay increase. If the time exceeds thirty days and the circumstances of the injury so warrant, the employee may receive a merit pay increase on their anniversary date with the recommendation of the department head and the approval of the City Manager.

See attached Exhibit A.

20. City employees are typically placed on light duty when they are experiencing an impairment that hinders their ability to perform some of the duties of their job, but they are still able to perform valuable work for the City.

21. Phoenix Police Officers sometimes go on light duty when an injury temporarily hinders them from engaging in some of the more physically demanding duties of a police officer, for example, apprehending, detaining and arresting potentially violent criminal suspects.

3

22. Women police officers often go on light duty when pregnant to protect the health and safety of their unborn children.

23. Based on Ms. Hernandez's superior professional performance, the Police Department promoted her to the rank of sergeant on May 29, 2017.

24. After successfully completing a one-year probationary period as a sergeant, the Police Department timely awarded Ms. Hernandez both a glowing performance evaluation and a merit pay increase on May 29, 2018.

25. In accordance with City policy, the Police Department was regularly scheduled to evaluate Ms. Hernandez's job performance again by May 29, 2019, and if her performance was satisfactory, she would be awarded another merit pay increase at the same time.

26. However, Ms. Hernandez became pregnant in the Summer of 2018 and requested to be placed on light duty on September 27, 2018 to protect the health of her unborn child.

27. During her time on light duty, Ms. Hernandez continued to perform the essential duties as a Sergeant of a squad of patrol officers. For example, instead of sometimes supervising her subordinates from the field, she supervised them from her offices in the precinct.

28. Ms. Hernandez remained on light duty until she went on maternity leave on approximately May 15, 2019.

29. After giving birth to a healthy baby girl, Ms. Hernandez returned to the Police Department to work full-time on August 1, 2019.

30. Because Ms. Hernandez was on light duty due to her pregnancy from September 27, 2018 to approximately May 15, 2019, the City did *not* give her a performance evaluation in May 2019 as regularly scheduled, and the City correspondingly *denied* her a merit pay increase in May 2019.

31. The Department ultimately gave Ms. Hernandez the performance review and merit raise she was scheduled to receive in May 2019 eight months later in February 2020.

4

32. Ms. Hernandez consequently lost eight months of a merit pay increase to which she was otherwise entitled.

33. The City purported to justify its delay in providing Ms. Hernandez with her regularly scheduled performance evaluation and merit raise on Phoenix Personnel Rule 15g2.

34. This delay also correspondingly delayed the performance review and merit increase that Ms. Hernandez otherwise would have received in May 2020.

35. As a result of these delays, Ms. Hernandez has lost tens of thousands of dollars in wages and has also suffered significant mental anguish.

36. The Phoenix Law Enforcement Association estimates that currently approximately thirty-two women Phoenix Police Officers are pregnant while serving the Police Department on light duty.

37. Over the years, hundreds of women Phoenix Police Officers have been denied regularly scheduled performance reviews and merit raises because they went on light duty to protect their unborn children.

38. The City presently employs 363 women police officers.

39. More than half of the City's women police officers are of childbearing age.

40. The City is also in the process of recruiting additional woman police officers.

41. If the City's discriminatory policy is not voluntarily abandoned by the City or enjoined by the Court, the City will continue to discriminate against hundreds of its pregnant women police officers in the future.

42. The City is aware that the policy summarized above has a disparate impact on the Police Department's women police officers, but nevertheless intentionally persists in enforcing the policy, although it is not based on job requirements or business necessity and is expressly discretionary.

43. Based upon the City's discriminatory misconduct against its women police officers, Ms. Hernandez filed a Charge of Discrimination against the City with the United States Equal Employment Opportunity Commission on April 25, 2020. See attached Exhibit B.

44. Ms. Hernandez requested a Right to Sue letter from the United States Equal Employment Opportunity Commission and is filing this action within ninety days of her receipt of a Right to Sue letter.  See attached Exhibit C.

45. Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Ms. Hernandez hereby demands a trial by jury.

**WHEREFORE**, Ms. Hernandez respectfully requests the Court to:

A. Issue a judgment declaring that the conduct of Defendant as described above violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e;

B. Issue a judgment awarding her lost wages;

C. Issue preliminary and permanent injunctions against Defendant enjoining it from perpetrating similar discriminatory acts against other women police officers in the future;

D. Issue a judgment awarding her nominal and compensatory damages against Defendant in amounts to be determined by the finder-of-fact at trial;

E. Issue a judgment awarding her reasonable costs and attorney fees against Defendant pursuant to 42 U.S.C. §2000e and any other applicable law; and

F. Issue a judgment awarding her all other relief that is just and proper under the circumstances.

Respectfully submitted this 27th day of March 2023.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiff

6

1 | I hereby certify that on March 27, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing.

*/s/ Stephen Montoya*

# EXHIBIT A

✳ 15g2. <u>Merit Pay Increase:</u> Time taken on Industrial Leave or light duty assignment, not in excess of thirty working days, shall be allowed as creditable time in determining eligibility for a normal merit pay increase. If the time exceeds thirty days and the circumstances of the injury so warrant, the employee may receive a merit pay increase on their anniversary date with the recommendation of the department head and approval of the City Manager.

15g3. <u>Definitions:</u>

A. "Industrial Leave" is defined as absence from work as the result of:

1. An injury by accident arising out of and in the course of City employment as defined by the Workers Compensation Laws of the State of Arizona.

2. Those occupational diseases arising out of and in the course of City employment as defined by the Occupational Disease Laws of the State of Arizona.

B. <u>"Net Take-Home Pay"</u> is defined as the biweekly base rate of pay for a full-time employee, less deductions for federal and state income tax, social security tax, and pension plan contributions. It does not include earnings for bonus pay, overtime differential, stand-by pay, or any other pay that is normally not a constant condition of work for the class. In no event shall "net take-home pay" be less than the amount the employee or Police Reserve Officer is entitled to under the State Workers Compensation Laws.

15g4. <u>Conditions:</u> The employee must meet the following conditions to qualify for industrial leave:

A. An employee or Police Reserve Officer who refuses to make an election of remedy pursuant to Arizona Revised Statute 23-1023 in event of injury or who rejects the conditions of Workers Compensation Laws of the State of Arizona prior to an industrial injury or illness shall not be entitled to Industrial Leave.

✳ B. If the employee or Police Reserve Officer elects to sue a third party defendant involved in the accident, and proceeds against such other person, the City of Phoenix shall have a lien on the amount actually collectible from such other person to the extent of the monies paid by the City of Phoenix.

✳ The amount actually collectible shall be total recovery less the reasonable necessary expenses including attorney fees actually expended in securing such recovery.

✳ Amended December 2, 2020, Ordinance #S-47151.

# EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>540-2020-00423 |
|---|---|---|

**ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION**  and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MRS. MICHELLE HERNANDEZ | (623) 328-7206 | 1983 |

Street Address: 14175 WEST INDIAN SCHOOL ROAD, B4-453,  GOODYEAR, AZ 85395

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CITY OF PHOENIX | 501+ | (602) 262-7626 |

Street Address: POLICE DEPARTMENT, 6180 W. ENCANTO BLVD., PHOENIX, AZ 85035

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: 09-27-2018   Latest: 05-29-2019<br>☒ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

In or around January 2006, I was hired by the above referenced employer. My current position is a Police Sergeant.

On or around September 27, 2018, I made my employer aware of my pregnancy and was placed on light duty.

On or around May 29, 2019, I was denied my merit raise due to my pregnancy. I am aware of male coworkers who did not meet all 15 goals and received their merit raise.

Female Sergeants and Officers that become pregnant are being penalized by having their merit increases denied, although they are still holding the same job title. As a result of this merit increase denial, Sergeant and Officer mothers make less than their male coworkers who decide to have children.

All Sergeants and Officers of the Phoenix Police Department who are pregnant have no choice but to

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Digitally signed by Michelle Hernandez on 04-25-2020 11:21 AM EDT | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 540-2020-00423 |
| ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION | | and EEOC |
| *State or local Agency, if any* | | |

work light duty status and as a result are denied their annual merit increase. Female Sergeants and Officers are not injured, they have the burden of pregnancy. They still hold the same job title, but are denied their merit increase unlike their male coworkers. The act of denying pregnant Sergeant and Officers their merit increases has resulted in females staying out on patrol late into their pregnancy, which is dangerous for mother and baby. Other women feel forced to make the decision to not have any more children the Phoenix Police Department poor treatment of pregnant women

I believe I and other aggrieved individuals have been discriminated against because of our sex, female (pregnancy) and retaliated against for requesting an accommodation due to our pregnancies, in violation of Title VII of the Civil Rights Act of 1964 as amended and the Americans with Disabilities Act of 1990, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Michelle Hernandez on 04-25-2020 11:21 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# EXHIBIT C

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Michelle Hernandez<br>14175 West Indian School Road, B4-453 B4-453<br>GOODYEAR, AZ 85395 | From: | Phoenix District Office<br>3300 North Central Avenue, Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

| EEOC Charge No.<br>540-2020-00423 | EEOC Representative<br>**Steven Ringgold,<br>Supervisor** | Telephone No.<br>**602-661-0051** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** *before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Enclosures(s)

**Melinda Caraballo**
**Acting District Director**

cc:  **Tateum Portales**
     PHOENIX, CITY OF
     200 W. Washington St., 15th Floor
     Phoenix, AZ 85003

     **Stephen Montoya**
     Montoya, Lucero & Pastor, P.A.
     3200 N. Central Ave., Ste. 2550
     Phoenix, AZ 85012